THE STATE, TO USE OF BANK OF MISSOURI, Respondent, v. SANGER, Appellant.

1. When the record proper of a cause shows that a demurrer to a petition has been regularly heard, considered and overruled, the objection will not be entertained in the supreme court that the court overruled the demurrer without hearing counsel.

*Appeal from St. Louis Circuit Court.*

*Mc Clellan, Moody & Hillyer,* for appellant.

*Burnes,* for respondent.

SCOTT, Judge, delivered the opinion of the court.

The ground on which the defendant seeks a reversal of the judgment of the court below finds no support in fact on the record. So far from it, the record contradicts the fact on

which the defendant would reverse the judgment. The defendant complains that the court disregarded his demurrer without hearing counsel, when it was regularly on file when the judgment was rendered. The record shows that the demurrer was regularly heard and considered and overruled, and thereupon judgment was entered as for want of an answer. This, to be sure, was not the proper entry, for the judgment should have been entered upon the demurrer upon its being overruled. The entry should have been, " therefore it is considered by the court that the plaintiff have and recover," &c. This, however, is not such an error as would warrant a reversal. Upon the demurrer being overruled, the defendant was by statute, as a matter of course, entitled to plead. But it does not appear that he claims this right, but judgment went against him, and afterwards he made a motion for leave to plead without any affidavit of merits or showing any reason why the judgment should be set aside and leave given to plead.

When a judgment is once regularly entered, a court will not set it aside and let in a defence but upon sufficient cause being shown. The motion set forth no reason why the judgment should be set aside, because the reasons contained in it stood contradicted by the record proper. What is in the record proper can never be contradicted by any thing contained in the bill of exceptions. If an entry in the record is false or incorrect, it should be amended when it can lawfully be done; but if a false entry is not thus obviated, it can not be contradicted, for a record imports absolute verity. (Weber v. Schmeisser, 7 Mo. 600.)

The only point properly raised by the record is whether the petition was sufficient to maintain an action. No defects have been pointed out, and, upon examining it, none occur to us. The other judges concur. Affirmed.